**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BHUPINDER DHILLON, an individual and resident of British Columbia, Canada, | No. 09-35448 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00168-BHS |
| v. | |
| BHAG SINGH KHELA, an individual and resident of Washington, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| v. | |
| BBC HOLDINGS, INC., a Washington corporation; BBC BROADCASTING, INC., a Washington corporation, | |
| Defendants-third-party-plaintiffs - Appellees, | |
| v. | |
| SUKHDEV SINGH DHILLON, | |
| Third-party-defendant - Appellee. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 8, 2010[**]
Seattle, Washington

Before:        TASHIMA, FISHER, and BERZON, Circuit Judges.

Plaintiff Bhupinder Dhillon ("Plaintiff") sued Defendants BBC Holdings, Inc., BBC Broadcasting, Inc. (together, the "BBC Companies"), and Bhag Singh Khela, an officer, director, and shareholder of the BBC Companies, alleging that Plaintiff's son, Sukhdev Dhillon, represented to Plaintiff that he would receive a 40 percent interest in each of the BBC Companies in exchange for his $400,000 investment. After a bench trial, the district court found that Plaintiff was not entitled to any relief. Plaintiff appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's findings of fact for clear error, *United States v. Bourseau*, 531 F.3d 1159, 1164 (9th Cir. 2008), and its denial of equitable relief for abuse of discretion, *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003).

---

[**]    The panel unanimously finds this case to be suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

2

The district court found that Plaintiff provided funds to help with his son's radio business without any specific intention that the funds be used to purchase equity in the BBC Companies. The court further found that the funds were used as an advance lease payment, rather than as an equity investment. Because the district court drew reasonable inferences in making these findings from the trial testimony, a letter from Plaintiff's Canadian attorneys, and a lawsuit filed by Plaintiff's son, there was no error, much less clear error.

Plaintiff nonetheless contends that he entered into a valid agreement with his son, as the BBC Companies' agent, to invest the $400,000 in exchange for an equity share in the companies. This argument lacks merit. Although Plaintiff's son was a vice president of each of the BBC Companies, the companies' by-laws are clear that his position did not bestow upon him actual authority to sell or issue equity shares in the companies. *See Betz v. Tacoma Drug Co.*, 131 P.2d 183, 187 (Wash. 1942) (holding that officers of a corporation generally have no greater authority than that conferred on them by statute, charter, or by-law or implied from custom and usage). Nor could Plaintiff have reasonably believed that his son had apparent authority to sell or issue equity shares based on any objective manifestations by the BBC Companies reflected in the record. *See Ranger Ins. Co. v. Pierce County*, 192 P.3d 886, 890 (Wash. 2008) ("An agent has apparent

3

authority to act for a principal only when the *principal* makes objective manifestations of the agent's authority to a third person." (internal quotation marks and citation omitted)).  Thus, even if Plaintiff had contracted with his son to purchase equity in the BBC Companies, the district court did not clearly err in finding that Plaintiff's son lacked actual or apparent authority to bind the BBC Companies to such an agreement.

Nor did the district court clearly err in finding that the BBC Companies had no knowledge of any agreement between Plaintiff and Plaintiff's son.  Without such knowledge, the BBC Companies cannot be held to have ratified any such agreement.  *See Barnes v. Treece*, 549 P.2d 1152, 1157 (Wash. Ct. App. 1976).

Finally, the district court did not abuse its discretion in concluding that Plaintiff was not entitled to any equitable relief.  The BBC Companies were not unjustly enriched by the $400,000 payment, because the advance payment allowed Radio Punjab to broadcast even after it failed to meet its monthly lease obligations.

The judgment of the district court is **AFFIRMED**.